IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | Case No. 23-34815 (JPN) | |
| GALLERIA 2425 OWNER, LLC, § | | |
| § | Chapter 11 | |
| Debtor. § | | |

| | | |
|---|---|---|
| JETALL COMPANIES, INC., § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| v. § | Adversary No. 25-_____ | |
| § | | |
| JACKSON WALKER, LLP, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## NOTICE OF REMOVAL

Houston 2425 Galleria, LLC files this Notice of Removal (the "Notice") of *Jetall Companies, Inc. v. Jackson Walker, LLP, et al.*, Cause No. 2025-04456 (the "*Jetall v. JW II*"),[1] pending before the 281st Judicial District Court of Harris County, Texas (the "State Court") to the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court" or "Court") and, in support thereof, respectfully states as follows:

### THE PARTIES

1. Plaintiff Jetall Companies, Inc. ("Jetall Companies") is a Texas corporation located in Harris County, Texas.

---

[1] A copy of the docket sheet in *Jetall v. JW II* is attached as **Exhibit A**. A copy of the pleading in *Jetall v. JW II* is attached as **Exhibit B**.

2.  Defendant Jackson Walker LLP ("Jackson Walker") is a limited liability partnership located in Harris County, Texas.

3.  Defendant Houston 2425 Galleria, LLC ("Houston 2425") is a Delaware Limited Liability Company located in Harris County, Texas.

## BACKGROUND

### A. The Chapter 11 Plan of Liquidation and Sale Order

4.  On December 5, 2023, Galleria 2425 Owner, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court commencing Case No. 23-34815 (the "Bankruptcy Case"). The Debtor's sole asset was an office building located at 2425 West Loop South, Houston, Texas (the "Property"). The Debtor financed its acquisition of the Property with a loan from National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") secured by the Property. Jetall Companies was the manager, and a tenant with a rent-free lease from the Debtor to the 11th floor, of the Property.

5.  On December 27, 2023, NBK moved to convert the Bankruptcy Case to chapter 7.[2] On January 31, 2024, this Court abated the motion to convert but ordered the appointment of a chapter 11 trustee,[3] and on February 9, 2024, Christopher R. Murray (the "Chapter 11 Trustee") was appointed.[4] The Chapter 11 Trustee conducted a Court-supervised public auction for the Property as part of the Bankruptcy Case.[5]

6.  Houston 2425 is the assignee of NBK and NBK's rights to acquire the Property pursuant to the order authorizing the sale of the Property free and clear of, among other things,

---

[2] ECF No. 72.
[3] ECF No. 99.
[4] ECF No. 116.
[5] ECF No. 254.

Jetall Companies' lease with the Debtor (the "Sale Order").[6] Houston 2425 acquired the Property pursuant to the Sale Order on August 20, 2024.[7] Houston 2425 did not assume Jetall Companies' lease.

7. This Court confirmed NBK's chapter 11 plan of liquidation of the Debtor (the "Plan") on June 22, 2024 (the "Confirmation Order").[8]

8. Among other things, the confirmed Plan and Confirmation Order contain gatekeeping provisions that require anyone pursuing (or intending to pursue) a claim or cause of action in any way related to the Debtor against NBK, the Chapter 11 Trustee or related parties to first obtain a determination from this Court that such claim or cause of action is colorable.[9] Only the previous owner of the Property and purported creditor of the estate 2425 WL, LLC ("2425 WL") appealed the gatekeeping provisions of the Plan,[10] but it did not seek a stay of the Confirmation Order pending appeal. No party appealed the Sale Order, which is now final.

9. The Debtor, Jetall Companies, and 2425 WL are under the ultimate common ownership and control of Ali Choudhri.

B. **Prior Violations of the Sale Order and *Jetall v. JW I***

10. After entry of the Sale Order, Jetall Companies and 2425 WL interfered with Houston 2425's use and enjoyment of the Property in violation of the Sale Order causing NBK and Houston 2425 to seek relief from this Court,[11] which was granted in three separate orders

---

[6] ECF No. 608. References to ECF numbers not preceded by a case number or adversary proceeding number refer to filings on the Bankruptcy Case docket.
[7] ECF No. 675.
[8] ECF No. 566.
[9] ECF No. 566 at 28 of 41.
[10] Case No. 4:24-cv-02590.
[11] ECF Nos. 816, 838, 839, 849, 861, 895.

4933-9164-6995.v4

enforcing the Sale Order (the "Enforcement Orders").[12] The three Enforcement Orders, respectively: (i) required Jetall Companies to vacate the Property, (ii) released a fraudulent[13] Deed of Trust on the Property recorded by 2425 WL, and (iii) canceled a *lis pendens* against the Property recorded by Jetall Companies (and signed by Ali Choudhri) on December 2, 2024 (the "December 2 Lis Pendens").[14] The Enforcement Orders also enjoined affiliates of Jetall Companies and 2425 WL "from bringing any action in any court challenging title to the Property, establishing an interest in the Property, or enforcing an encumbrance against the Property."[15]

11. The Jetall Companies' December 2 *Lis Pendens*, recorded as Instrument No. RP-2024-447735, related to its lawsuit against Jackson Walker and Houston 2425 (and others not named in *Jetall v. JW II*) filed in the 55th Judicial District Court of Harris County, Texas on November 25, 2023, styled *Jetall Companies, Inc. v. Jackson Walker, LLP, et al.*, Cause No. 2024-83809 ("*Jetall v. JW I*"). Houston 2425 removed *Jetall v. JW I* to this Court[16] and moved to compel Jetall Companies to comply with the Plan's gatekeeping provisions and demonstrate that Jetall Companies' claims were colorable.[17] Jetall Companies moved to remand[18] but did not respond to the motion to compel. On January 7, 2025, the Court granted Houston 2425's motion to compel, resulting in dismissal of *Jetall v. JW I*, with prejudice.[19] In a separate order, the Court denied Jetall

---

[12] ECF Nos. 871, 872, 911. *See also Memorandum Opinion* at ECF No. 870.
[13] ECF No. 717.
[14] A copy of the December 2 *Lis Pendens* is attached as **Exhibit D**.
[15] ECF No. 911.
[16] Adversary No. 24-03257, ECF No. 1.
[17] Adversary No. 24-03257, ECF No. 6.
[18] Adversary No. 24-03257, ECF Nos. 11, 12.
[19] Adversary No. 24-03257, ECF Nos. 17.

Companies' motion to remand as moot.[20] Neither order was appealed and the time to appeal has expired.[21]

12. On January 23, 2025, Jetall filed *Jetall v. JW II*. The *Jetall v. JW II* complaint does not contain any allegations that were not pled in the *Jetall v. JW I* complaint. The only substantive changes are: (i) the exclusion of several defendants, (ii) the exclusion of three causes of action; (iii) the exclusion of the requests for temporary and permanent injunction; (iv) the exclusion of the motion for expedited discovery; and (v) the deletion of the claimed amount of damages of "at least one billion dollars."[22] As in *Jetall v. JW I*, the sole allegation against Houston 2425 involves real estate,[23] and Houston 2425's only connection with any real estate is its ownership interest in the Property, acquired pursuant to the Sale Order.

13. Jetall Companies did not comply with the Plan's gatekeeping provisions before filing *Jetall v. JW II*.

### C.  Additional Efforts to Cloud Title

14. In addition to the conduct giving rise to the Enforcement Orders and the conduct described in NBK's motion for contempt,[24] Houston 2425 recently learned that after entry of the third Enforcement Order (the order canceling the *lis pendens*) and its recording on December 19, 2024, three *lis pendens* were recorded against the Property.

    a. The first *lis pendens* was recorded against the Property on December 23, 2024 as Instrument No. RP-2024-477576, cited *Jetall v. JW I*, and was signed by Gene McCubbin[25] (the "December 23 *Lis Pendens*"), attached as **Exhibit E**.

---

[20] Adversary No. 24-03257, ECF Nos. 18.
[21] FED. R. BANKR. P. 8002.
[22] *See* redline of *Jetall v. JW I* and *Jetall v. JW II* complaints attached as **Exhibit C**.
[23] *Jetall v. JW II* complaint ¶ 12.
[24] ECF No. 931. The hearing on NBK's motion for contempt has been reset to January 29, 2025.
[25] Mr. McCubbin is also the representative for the initial petitioning creditor in Jetall Companies' involuntary chapter 11 case. *See* Case No. 24-35761, ECF No. 1 at 3.

b. The second *lis pendens* was recorded against the Property on January 23, 2025 as Instrument No. RP-2025-23705, cited the appeal of the first and second Enforcement Orders to the Southern District of Texas, Case No. 4:24-cv-04836, and was signed by Jetall Companies' representative Dward Darjean (the "January 23 *Lis Pendens*"), attached as **Exhibit F**.

c. The third *lis pendens* was recorded against the Property on January 24, 2025 as Instrument No. RP-2025-25888, cited *Jetall v. JW II*, and was signed by Jetall Companies' representative Dward Darjean (the "January 24 *Lis Pendens*"), attached as **Exhibit G**.

15. As of the date of this filing, Houston 2425 has not been served with the *Jetall v. JW II* complaint or summons, and no relief has been granted by the State Court.

16. This notice of removal has been filed within four days of the filing of the *Jetall v. JW II*.

## RELIEF REQUESTED

17. *Jetall v. JW II* is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1334(b).

18. The sole allegation against Houston 2425 ostensibly involves the Property that is the subject of this Bankruptcy Case. The substance of *Jetall v. JW II* is effectively identical to the substance of *Jetall v. JW I*, which was previously removed to this Court and dismissed with prejudice.

19. This notice of removal has been timely filed under appliable statutes and rules of procedure.

20. For the reasons expressed herein, and pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027 ("Bankruptcy Rule 9027"), Houston 2425 hereby removes *Jetall v. JW II* to the Bankruptcy Court.

**BASIS FOR RELIEF**

21. 28 U.S.C. § 1452(a) provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Because the United States District Court for the Southern District of Texas (the "Southern District Court") is the district where *Jetall v. JW II* is pending, *Jetall v. JW II* may be removed to the Southern District Court.

22. Bankruptcy Rule 9027 provides that, unless extended, the time within which a matter needs to be removed is 30 days after receipt of both a complaint (petition) and summons (citation). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1998) (applying Bankruptcy Rule 9027's statutory counterpart, 28 U.S.C. § 1446(b)).

23. *Jetall v. JW II* necessarily involves and implicates the Bankruptcy Court's jurisdiction under 28 U.S.C. § 1334 for at least the following reasons:

   a. The scope and reach of the Sale Order and Enforcement Orders are implicated by *Jetall v. JW II*, and the action therefore concerns the administration of this estate. Indeed, the January 24 *Lis Pendens* confirms that the action is intended to cloud title to the Property, which constitutes a collateral attack on the Sale Order.

   b. The unauthorized filing of the suit also violates the Plan's gatekeeping provisions, which constitutes a collateral attack on the Confirmation Order, which was appealed but not stayed pending appeal.

   c. *Jetall v. JW II* also requires that this Court interpret and apply its order dismissing *Jetall v. JW I* with prejudice given the identical claims asserted in each lawsuit. As noted above, no party timely appealed the dismissal of *Jetall v. JW I* or the removal of the December 2 *Lis Pendens* based upon that lawsuit.

24. The issues implicated by *Jetall v. JW II*, thus, fall within this Court's "arising in" jurisdiction and its inherent authority to regulate practice before it and to interpret and apply its own orders under 28 U.S.C. § 1334 and 11 U.S.C. § 105. *See e.g.*, *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 ("[T]he Bankruptcy Court plainly had jurisdiction to interpret and enforce its

own prior orders.") (citations omitted).  As such, and for other reasons, *Jetall v. JW II* articulates disputes that are core proceedings under 28 U.S.C. § 157(b)(2).  *See e.g., Matter of McDermott Int'l, Inc*. No. 23-204436, 2024 WL 3875141, at *2 (5th Cir. Aug. 20, 2024) (arising in jurisdiction "implicates the bankruptcy court's power to interpret and enforce its own orders, [and thus,] it is core in at least the 'arising in' way.").

25. Because (i) *Jetall v. JW II* raises core issues that are within this Court's arising in jurisdiction and (ii) was timely removed, *Jetall v. JW II* may be heard and determined by the Bankruptcy Court and removal is proper.  All bankruptcy-related matters have been referred to the Bankruptcy Court by the Southern District Court.  *See In re: Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012).[26]

26. In compliance with Rule 9027 of the Federal Rules of Bankruptcy Procedure, a notice of removal will be filed with the clerk of this Court, along with every document filed in the State Court proceeding as required by Rule 9027 of the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

27. Pursuant to Local Rule 9027-1, a copy of this Notice will be filed with the Clerk of the State Court promptly and served upon the Plaintiff's attorneys.

28. Pursuant to Bankruptcy Rule 9027 (a)(1) and Local Rule 9027-2, Houston 2425, as the removing party, consents to the entry of final orders or judgment by the Bankruptcy Court.

**RESERVATION OF RIGHTS**

29. Houston 2425 reserves its rights to seek further relief from the Court pursuant to any of its orders, including relief with respect to attorneys' fees Houston 2425 has incurred in

---

[26] Alternatively, the Court has "related-to" jurisdiction over the *Jetall v. JW II* because its resolution has conceivable impacts on this estate and administration by implicating the quality of title conveyed to Houston 2425 by the Chapter 11 Trustee.

8

connection with Jetall Companies' actions as described herein.  Houston 2425 further reserves all rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this notice of removal.

Dated: January 27, 2025            **PILLSBURY WINTHROP SHAW PITTMAN LLP**

                                             */s/ Charles C. Conrad*
                                          Charles C. Conrad
                                          Tex. Bar No. 24040721
                                          S.D. Tex. Fed. ID No. 37220
                                          Ryan Steinbrunner
                                          Tex. Bar. No. 24093201
                                          S.D. Tex. Fed. ID No. 3577604
                                          L. James Dickinson
                                          Tex. Bar No. 24105805
                                          S.D. Tex. Fed. ID No. 3611267
                                          609 Main Street Suite 2000
                                          Houston, TX 77002
                                          Telephone: (713) 276-7600
                                          Facsimile: (713) 276-7673
                                          charles.conrad@pillsburylaw.com
                                          ryan.steinbrunner@pillsburylaw.com
                                          james.dickinson@pillsburylaw.com

                                          - and -

                                          Andrew M. Troop
                                          Mass. Bar No. MA547179
                                          S.D. Tex. Fed. ID No. 30089813
                                          Patrick E. Fitzmaurice
                                          N.Y. Bar No. 4093852
                                          Admitted *pro hac vice*
                                          31 West 52nd Street
                                          New York, NY 10019-6131
                                          Telephone: (212) 858-1000
                                          Facsimile: (212) 858-1500
                                          andrew.troop@pillsburylaw.com
                                          patrick.fitzmaurice@pillsburylaw.com

                                          ***Counsel for National Bank of Kuwait, S.A.K.P., New York Branch***

4933-9164-6995.v4

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on January 27, 2025, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties who are deemed to have consented to ECF electronic service and by email and U.S. mail, first class-postage prepaid, on the following parties:

Joseph Carl Cecere, II
Cecere PC
6035 McCommas Blvd
Dallas, TX 75206
ccecere@cecerepc.com

Stephen Wayne Sather
Barron Newburger, PC
7320 N Mopac Expy Ste 400
Austin, TX 78731
ssather@bn-lawyers.com

David Neal Stern
Barron Newburger, PC
7320 N Mopac Expy Ste 400
Austin, TX 78731
dstern@bn-lawyers.com

Jetall Companies, Inc.
c/o Ali Choudhri
1001 West Loop South, Ste 700
Houston, TX 77027
ali@jetallcompanies.com
ali@jetallcapital.com

Mark Edwin Smith
Barron Newburger, PC
7320 N Mopac Expy Ste 400
Austin, TX 78731
msmith@bn-lawyers.com

J. Marcus Hill
Hill & Hill, P.C.
1770 St. James Street, Ste 440
Houston, TX 77056
marc@hillpclaw.com

Justin Rayome
5882 Sugar Hill Drive
Houston, TX 77057
justinrayome3@gmail.com
justin.r@jetallcompanies.com

Lance Hac Nguyen
6001 Savoy #120
Houston, TX 77036
lancehac@gmail.com

                                                */s/ Charles C. Conrad*
                                                Charles C. Conrad

4933-9164-6995.v4