IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § § § § | Case No. 23-34815 (JPN)<br><br>Chapter 11 |
| GALLERIA 2425 OWNER, LLC, | | |
| Debtor. | | |

| | | |
|---|---|---|
| JETALL COMPANIES, INC. | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Adversary No. 25-03016 |
| JACKSON WALKER LLP, et al., | | |
| Defendants. | | |

**DEFENDANT HOUSTON 2425 GALLERIA, LLC'S MOTION TO DISMISS**

**TO THE HON. JEFFREY P. NORMAN, U.S. BANKRUPTCY JUDGE:**

Defendant Houston 2425 Galleria, LLC ("Houston 2425") moves to dismiss this adversary proceeding, *Jetall Companies, Inc. v. Jackson Walker LLP, et al.*, Adversary No. 25-03016 ("*Jetall v. JW II*"),[1] because:

---

[1] Citations to "JW II ECF" refer to the docket in this Adversary No. 25-03016. Citations to "JW I ECF" refer to the docket in the related Adversary No. 24-03257. Citations to "MC ECF" refer to the docket in the main case in this bankruptcy proceeding, Case No. 23-34815.

- Its filing violates the Sale Order,[2] the Second Enforcement Order,[3] and the Third Enforcement Order.[4]

- The claims asserted are barred by this Court's prior dismissal, with prejudice, of identical claims against Houston 2425 in *Jetall v. JW I*, made after the Court concluded that the claims in *Jetall v. JW I* were subject to the gatekeeping provisions (the "Gatekeeping Provisions") set forth in the confirmed chapter 11 plan of liquidation (the "Plan") for the debtor Galleria 2425 Owner, LLC (the "Debtor").[5]

- *Jetall v. JW II* evidences, yet again, Jetall Companies, Inc. ("Jetall Companies"), Mr. Choudhri, and their affiliates' (collectively, "Team Choudhri") refusal to comply with the Plan's Gatekeeping Provisions, notwithstanding multiple instructions from this Court to do so.

Alternatively, Houston 2425 moves to compel compliance with the Gatekeeping Provisions and requests an order requiring Jetall Companies to show that its claims in *Jetall v. JW II* are colorable, non-estate claims, and in the absence of a sufficient showing, also to dismiss the adversary proceeding.

In support, Houston 2425 states as follows:

---

[2] *Order (A) Approving Asset Purchase Agreement Between the Trustee and QB Loop Property LP; (B) Approving the Sale of the Property Free and Clear of all Liens, Claims, Encumbrances, and Other Interests; (C) Approving Assumption and Assignment of Executory Contracts and Leases; (D) Determining the amounts necessary to cure such Executory Contracts, and Unexpired Leases; and (E) Granting Related Relief* [MC ECF No. 608] (the "Sale Order").

[3] *Order Releasing Deed of Trust Instrument No. PR-2021-258619* [MC ECF No. 872] (the "Second Enforcement Order").

[4] *Order Canceling Lis Pendens (ECF No. 895)* [MC ECF No. 911] (the "Third Enforcement Order").

[5] *Jetall Companies, Inc. v. Jackson Walker LLP, et al.*, Adversary No. 24-03257 ("*Jetall v. JW I*").

**PRELIMINARY STATEMENT**

1. *Jetall v. JW I* is nothing more than a rehashing of *Jetall v. JW I*, which was dismissed with prejudice, and not timely appealed, after the Court held it was subject to the Gatekeeping Provisions of the confirmed and unstayed Plan. The sole allegation against Houston 2425 in *Jetall v. JW II* remains substantively unchanged and entirely unsupported.[6] Jetall Companies, therefore, is barred from asserting the claims in *Jetall v. JW II*.

2. *Jetall v. JW II* also violates (i) the Sale Order's injunction against claims asserting an interest in or seeking to interfere with the use and enjoyment of, the Property[7] made by anyone;[8] and (ii) the Second and Third Enforcement Orders' specific injunctions against claims asserting an interest in the Property made by Jetall Companies and its affiliates.[9]

3. The claims in *Jetall v. JW II* assert an interest in the Property – and are therefore enjoined – for at least three reasons. First, Houston 2425's only connection to Jetall Companies is its purchase of the Property free and clear of Jetall Companies' lease and Jetall Companies' multi-court efforts to retain that interest and deprive Houston 2425 WL of the benefits of the Sale Order. Second, the complaint alleges Houston 2425 conspired to deprive Jetall Companies "and Mr. Choudhri of their interests in certain real estate transactions, ownership of real [*sic*] unique real estate." Again, Houston 2425's only connection to Mr. Choudhri related real estate is the Property. Third, Jetall Companies recorded a notice of *lis pendens* claiming that *Jetall v. JW II* "affected" the Property, making clear the connection between *Jetall v. JW II* and the Sale Order.

---

[6] A redline comparing the *Jetall v. JW I* complaint against the *Jetall v. JW II* complaint is attached as **Exhibit A**, and the sole allegation against Houston 2425 is contained in new paragraph 12 at pp. 5-6.
[7] That certain real estate located at 2425 West Loop South, Houston, Texas 77027 (the "Property").
[8] MC ECF No. 608 at pp. 15 ¶ 10, 28 ¶ 36.
[9] MC ECF No. 872 at p. 2 ¶ 6; MC ECF No. 911 at p. 2 ¶ 6.

3

4. Indeed, *Jetall v. JW II* was filed and the *lis pendens* was recorded as part of a broader effort by Mr. Choudhri to use his entities and agents to interfere with a pending sale of the Property.[10] This harassing and vexatious conduct must end now. The filing of *Jetall v. JW II* was explicitly enjoined, in multiple orders of this Court, and the adversary proceeding must therefore be dismissed.

5. Jetall Companies also filed *Jetall v. JW II* knowing that this Court previously held that the identical claims could not be brought without Jetall Companies complying with the Gatekeeping Provisions. *Jetall v. JW II* is not the only example of Jetall Companies and other Team Choudhri members refusing to comply with the Gatekeeping Provisions. Dismissal of *Jetall v. JW II* is appropriate as a sanction for this intentional failure as well.

6. Alternatively, the Gatekeeping Provisions require Jetall Companies to come to this Court for permission to bring *Jetall v. JW II* and to show that the action asserts colorable, non-estate claims. Jetall Companies, at the very least, should be compelled to comply, and this adversary proceeding should be dismissed if it fails to meet its burden.

## BACKGROUND

7. Because the facts of this bankruptcy case and the adversary proceedings thereunder are well known to the Court, because this motion deals with familiar issues,[11] and to minimize the background information necessary for purposes of this motion – Houston 2425 incorporates the entire record of *In re Galleria 2425 Owner, LLC*, Case No. 23-34815 and all adversary proceedings thereunder by reference.

---

[10] *See* MC ECF No. 995.
[11] JW I ECF No. 6.

8.      Houston 2425 purchased the Property "free and clear" on August 20, 2024, pursuant to the Sale Order, which contains injunctions against "asserting or pursuing . . . claims against the Buyer" and against interference with "the Buyer's use and enjoyment" of the Property.[12] No party objected to or appealed the Sale Order.

9.      On November 29, 2024, Jetall Companies filed *Jetall v. JW I*. On December 2, 2024, Ali Choudhri signed and recorded a *lis pendens* against the Property, referencing *Jetall v. JW I* as the basis for the *lis pendens* (the "December 2 Lis Pendens").

10.     On December 3, 2024, Houston 2425 removed *Jetall v. JW I* to this Court.[13] On December 9, 2024, Houston 2425 moved to compel Jetall Companies to comply with the Gatekeeping Provisions and – absent a showing that Jetall Companies' claims were colorable, non-estate claims – dismiss *Jetall v. JW I* (the "Dismissal Motion").[14] Although Jetall Companies moved to remand *Jetall v. JW I* on January 3, 2025,[15] Jetall Companies made no attempt to show it held colorable, non-estate claims against Houston 2425. It neither responded to the Dismissal Motion nor appeared at the January 7, 2025 hearing on the Dismissal Motion, notwithstanding receiving adequate notice of both.[16] Following the January 7, 2025 hearing, the Court granted the Dismissal Motion, dismissed *Jetall v. JW I* with prejudice, and denied Jetall Companies' motion for remand.[17]

11.     On January 29, 2025, Jetall Companies appealed these orders,[18] but did not seek a stay of them pending appeal. Jetall Companies filed its notice of appeal after expiration of the 14-

---

[12] MC ECF No. 608 at pp. 15 ¶ 10, 28 ¶ 36.
[13] JW I ECF No. 1.
[14] JW I ECF No. 6.
[15] JW I ECF No. 12.
[16] JW I ECF Nos. 6, 7, 8, 16, 17.
[17] JW I ECF Nos. 16-18.
[18] JW I ECF No. 24.

day period provided in FED. R. BANKR. P. 8002(a)(1) without requesting an extension of time to permit such filing under FED. R. BANKR. P. 8002(d).

12. On January 23, 2025, Jetall Companies' in-house counsel Justin Rayome filed *Jetall v. JW II* – after this Court enforced the Plan's Gatekeeping Provisions and dismissed *Jetall v. JW I*; after this Court entered an order on December 6, 2024, releasing the Deed of Trust on the Property recorded by 2425 WL, LLC ("2425 WL") as a violation of the Sale Order (the "Second Enforcement Order");[19] and after the Court entered an order on December 17, 2024, canceling the December 2 *Lis Pendens* also as a violation of the Sale Order (the "Third Enforcement Order").[20] Jetall Companies and 2425 WL appealed the Second Enforcement Order,[21] but their requests for a stay pending appeal were denied.[22] No party appealed the Third Enforcement Order. Also, no complaint or summons has yet to be served by Jetall Companies in this adversary proceeding.

13. The Second Enforcement Order prohibits Jetall Companies from bringing an action to cloud title to the Property:

> 2425 WL and any affiliated party, including without limitation ***Jetall Companies, Inc.***, Jetall Capital, LLC, Galleria 2425 JV, LLC, Galleria West Loop Investments II, LLC, Naissance Galleria, LLC, Naissance Capital Real Estate, LLC, and Mr. Ali Choudhri or other person or entity affiliated with any of the foregoing are ***enjoined and barred from bringing any action in any court challenging title to the Property***.

MC ECF No. 872 ¶ 6 (emphasis added).

14. Similarly, the Third Enforcement Order expands the prohibition on bringing such actions:

---

[19] MC ECF No. 872.
[20] MC ECF No. 911.
[21] MC ECF No. 875.
[22] MC ECF No. 897; Case No. 4:24-cv-04835, minute entry order at December 11, 2024; Case No. 24-35761, ECF No. 26.

> ***Jetall [Companies]*** and any affiliated party, including without limitation 2425 WL, LLC, Jetall Capital, LLC, Galleria 2425 JV, LLC, Galleria West Loop Investments II, LLC, Naissance Galleria, LLC, Naissance Capital Real Estate, LLC, and Mr. Ali Choudhri or other person or entity affiliated with any of the foregoing are ***enjoined and barred from bringing any action in any court challenging title to the Property, establishing an interest in the Property, or enforcing an encumbrance against the Property.***

MC ECF No. 911 ¶ 6 (emphasis added).

15. Thus, Jetall Companies and others, including any person affiliated with Mr. Choudhri and his entities, were expressly enjoined from bringing any action in any court challenging title to, establishing an interest in, or enforcing an encumbrance against the Property and from filing another *lis pendens* against the Property.

16. Jetall Companies nonetheless filed *Jetall v. JW II* on January 23, 2024 without first obtaining this Court's permission to bring an action against Houston 2425, in violation of Plan Article IX.E, as well as the Sale Order and the Second and Third Enforcement Orders. Then, in an apparent attempt to interfere with a pending sale of the Property – and confirming that the filing *Jetall v JW II* violated the foregoing orders – Jetall Companies recorded a *lis pendens* on January 24, 2025[23] (signed by Dward Darjean rather than Mr. Choudhri) against the Property "to provide notice of [*Jetall v. JW II*] concerning interests in real property." At the February 11, 2025 hearing on a motion to hold Jetall Companies and other affiliates in contempt,[24] Mr. Darjean appeared as the corporate representative of the contemnors, but his testimony revealed that he had no understanding of the allegations in *Jetall v. JW II* or how the action affects the Property, except that he signed and filed the *lis pendens* at his employer's request.[25]

---

[23] MC ECF No. 957-5 (the "<u>January 24 *Lis Pendens*</u>").

[24] MC ECF Nos. 931, 986.

[25] MC ECF No. 995 ("His lack of actual knowledge regarding the facts of this case . . . as of the date of this hearing is astonishing. His testimony was of no benefit to the Court other than reinforcing the appearance that [the contemnors] intentionally violated this Court's Sale Order.").

17. The *Jetall v. JW II* complaint does not contain any allegations that were not pled in the now dismissed *Jetall v. JW I* complaint. The only substantive changes are: (i) the exclusion of several defendants, (ii) the exclusion of three causes of action; (iii) the exclusion of the requests for temporary and permanent injunction; (iv) the exclusion of the motion for expedited discovery; and (v) the deletion of the claimed amount of damages of "at least one billion dollars."[26]

18. Moreover, the filing of the January 24 *Lis Pendens* makes clear the intended tie between the unchanged allegations in *Jetall v. JW II*, the Property, and the Property's free and clear sale to Houston 2425.

19. On January 27, 2025, Houston 2425 removed *Jetall v. JW II* to this Court.[27] A pretrial conference is scheduled for March 4, 2025.[28]

20. On January 27, 2025, Houston 2425 moved to cancel multiple *lis pendens* recorded against the Property as violations of the Sale Order.[29] The Court ordered the cancelation of the *lis pendens* on January 28, 2025.[30] Jetall Companies appealed the order canceling the *lis pendens* the next day,[31] but it has not sought a stay of the order pending appeal.

## JURISDICTION

21. The Court has jurisdiction over the matters raised in this motion under 28 U.S.C. § 1334. The matters raised in this motion also fall within the "core jurisdiction" of this Court under 28 U.S.C. § 157(b)(2).

---

[26] *See* **Exhibit A**.
[27] JW II ECF No. 1.
[28] JW II ECF No. 2.
[29] MC ECF No. 957.
[30] Houston 2425's original proposed order canceling the *lis pendens* contained a typographical error relating to the instrument number of the *lis pendens*. On January 30, 2025, Houston 2425 filed a motion to correct that error and later that day the Court entered a corrected order canceling the *lis pendens*. *See* MC ECF Nos. 971 and 972.
[31] MC ECF No. 963.

**RELIEF REQUESTED**

22. Houston 2425 requests the Court dismiss *Jetall v. JW II* with prejudice. Alternatively, Houston 2425 requests the Court enter an order (i) finding that *Jetall v. JW II* was filed in violation of this Court's orders; (ii) setting a hearing requiring Jetall Companies to show that the claims asserted against Houston 2425 in this adversary proceeding are colorable, non-estate claims; and (iii) if Jetall Companies fails to do so, dismiss this adversary proceeding with prejudice.

**BASIS FOR RELIEF**

23. As with the December 2 *Lis Pendens* providing notice of *Jetall v. JW I*, the January 24 *Lis Pendens* providing notice of *Jetall v. JW II* confirms that the claims asserted by Jetall Companies against Houston 2425 here directly violate several of this Court's orders including the injunctions in paragraphs 10 and 36 of the Sale Order and the injunctions in paragraph 6 of both the Second and Third Enforcement Orders and should be dismissed. There is no question regarding this Court's core authority to enforce its own orders.[32]

24. Additionally, the claims asserted in this adversary proceeding violate the gatekeeping provisions of the Plan. As this Court previously found,[33] Houston 2425 – as the assignee and designee of National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") – is a Released Party under the Plan. The claims here "relate[s] to the Debtor" because the January 24 *Lis Pendens* is recorded against the Property and because the complaint filed in this adversary proceeding seeks damages against Houston 2425, which was formed to take title to the Property

---

[32] "The Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 129 S. Ct. 2195, 2197, 174 L. Ed. 2d 99 (2009). The rule that persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that order until it is modified or reversed, even if they have proper grounds to object to that order, applies to bankruptcy cases. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 306 (1995).

[33] JW I ECF No. 17 at 3 ¶ 7.

9

pursuant to the Sale Order, on allegations that Houston 2425 conspired with Jackson Walker LLP "to deprive Plaintiff and Mr. Choudhri of their interests in certain real estate transactions, ownership of real [*sic*] unique real estate . . . ."[34] This Court already determined the identical claims against Houston 2425 in *Jetall v. JW I* relate to the Debtor.[35]

25. Not only do these claims relate to the Debtor, but they are based on facts and legal theories that this Court already has held to be not credible or viable. *See, e.g., Order [Denying Motion to Prohibit Credit Bidding]*;[36] *Memorandum Opinion [on Plan Confirmation]*;[37] *Order Disallowing Proof of Claim and Referral to United States Attorney*;[38] *Order Dismissing [Tax Lien Lawsuit]*;[39] *Order Denying Motion (ECF 810)*.[40] Houston 2425 will brief these points if Jetall Companies tries to show cause why its claims can proceed notwithstanding the Plan's gatekeeping provisions.

26. Furthermore, the complaint in this adversary proceeding was filed in disregard of this Court's order dismissing *Jetall v. JW I*, <u>with prejudice</u>. Although the prior dismissal of the same claims against Houston 2425 with prejudice would generally be raised as an affirmative defense under Federal Rule of Bankruptcy Procedure 7008, when the defense is clear from the facts of the complaint and the Court's own orders, it supports a request for dismissal of the complaint,[41] once the prior judgment is no longer subject to appeal.

---

[34] JW II ECF No. 1-2 at 6 ¶ 10.

[35] JW I ECF No. 17 at 3 ¶ 7.

[36] MC ECF No. 535.

[37] MC ECF No. 565.

[38] MC ECF No. 717.

[39] Adversary No. 24-03120, ECF No. 25.

[40] MC ECF No. 833.

[41] *See Astron Indus. Assocs. Inc. v. Chrysler Motors Corp.*, 405 F.2d 958, 960 (5th Cir. 1968) ("It is clear that a dismissal with prejudice at any stage of a judicial proceeding normally constitutes a final judgment on the merits of action."); *Nagle v. Lee*, 807 F.2d 435, 442 (5th Cir. 1987) (even if a previous order of dismissal fails to state whether dismissal was with or without prejudice, such dismissal could properly serve as predicate under doctrine of res judicata for dismissal of second suit).

27. Significantly, the filing of the complaint in this adversary proceeding is only one of many acts taken by Team Choudhri members in blatant disregard for this Court's order. Team Choudhri was specifically admonished not to ignore orders of this Court and "that future ongoing litigation at the trial court level is subject to sanctions by this Court."[42]

28. Accordingly, this Court should dismiss the adversary proceeding for (again) violating orders of this Court or as a sanction for having done so.

29. Alternatively, the Court should compel Jetall Companies to comply with the Gatekeeping Provisions, and in the absence of a showing of colorable, non-estate claims, dismiss the adversary proceeding. Such relief against Jetall Companies is permissible despite an order for relief under chapter 11 having been issued against Jetall Companies on February 7, 2025,[43] because the Court previously entered an order annulling the automatic stay in that bankruptcy case with respect to matters involving the Debtor's bankruptcy case.[44]

## RESERVATION OF RIGHTS

30. Houston 2425, for itself and NBK, reserves all rights and claims against Jetall Companies, its affiliates, and counsel, with respect to, among other things, Jetall Companies' failure to comply with the Plan's gatekeeping provisions, its repeated violations of this Court's orders, its pursuit of vexatious and frivolous litigation and claims, and violations of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

31. Houston 2425 further reserves its right to answer or respond to the complaint under Federal Rules of Civil Procedure 8 and 12 if this adversary proceeding is not dismissed.

---

[42] MC ECF No. 833 at 2.
[43] Case No. 24-35761, ECF No. 39.
[44] Case No. 24-35761, ECF No. 4.

## **CONCLUSION**

WHEREFORE, Houston 2425 requests such relief as is just and proper and entry of an order, substantially in the form attached as **Exhibit B**.

Dated: February 18, 2025

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ Charles C. Conrad*
Charles C. Conrad
Tex. Bar No. 24040721
S.D. Tex. Fed. ID No. 37220
L. James Dickinson
Tex. Bar No. 24105805
S.D. Tex. Fed. ID No. 3611267
609 Main Street, Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7673
charles.conrad@pillsburylaw.com
james.dickinson@pillsburylaw.com

- and -

Andrew M. Troop
Mass. Bar No. MA547179
S.D. Tex. Fed. ID No. 30089813
Patrick E. Fitzmaurice
Admitted *pro hac vice*
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com

*Counsel for Houston 2425 Galleria, LLC*

**CERTIFICATE OF SERVICE**

      I certify that, on February 18, 2025, this motion was served via the Court's CM/ECF system on parties receiving electronic notice, in the main case and this adversary proceeding, who are deemed to have consented to ECF service, and also by email and/or first-class mail to the parties on the following service list, which includes parties entitled to notice in the Jetall Involuntary.

| | |
|---|---|
| Joseph Carl Cecere, II<br>Cecere PC<br>6035 McCommas Blvd<br>Dallas, TX 75206<br>ccecere@cecerepc.com | Mark Edwin Smith<br>Barron Newburger, PC<br>7320 N Mopac Expy, Suite 400<br>Austin, TX 78731<br>msmith@bn-lawyers.com |
| Stephen Wayne Sather<br>Barron Newburger, PC<br>7320 N Mopac Expy, Suite 400<br>Austin, TX 78731<br>ssather@bn-lawyers.com | J. Marcus Hill<br>Hill & Hill, P.C.<br>1770 St. James Street, Suite 440<br>Houston, TX 77056<br>marc@hillpclaw.com |
| David Neal Stern<br>Barron Newburger, PC<br>7320 N Mopac Expy, Suite 400<br>Austin, TX 78731<br>dstern@bn-lawyers.com | Justin Rayome<br>5882 Sugar Hill Drive<br>Houston, TX 77057<br>justinrayome3@gmail.com<br>justin.r@jetallcompanies.com |
| Jetall Companies, Inc.<br>c/o Ali Choudhri<br>1001 West Loop South, Suite 700<br>Houston, TX 77027<br>ali@jetallcompanies.com<br>ali@jetallcapital.com | Lance Hac Nguyen<br>6001 Savoy #120<br>Houston, TX 77036<br>lancehac@gmail.com |
| Jana Smith Whitworth<br>Office of United States Trustee<br>515 Rusk Street, Suite 3516<br>Houston, TX 77002<br>jana.whitworth@usdoj.gov | R. J. Shannon<br>Shannon & Lee LLP<br>2100 Travis Street, Suite 1525<br>Houston, TX 77002<br>rshannon@shannonleellp.com |
| US Trustee, 7<br>Office of the US Trustee<br>515 Rusk Ave, Suite 3516<br>Houston, TX 77002<br>USTPRegion07.HU.ECF@USDOJ.GOV | |

                                            */s/ Charles C. Conrad*
                                            Charles C. Conrad

# **EXHIBIT A**

*Redline Comparing Jetall v. JW I Complaint Against Jetall v. JW II Complaint*

## **EXHIBIT B**

*Proposed Order*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § § § | Case No. 23-34815 (JPN) |
| GALLERIA 2425 OWNER, LLC, | | Chapter 11 |
| Debtor. | | |

| | | |
|---|---|---|
| JETALL COMPANIES, INC. | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Adversary No. 25-03016 |
| JACKSON WALKER LLP, et al., | | |
| Defendants. | | |

## ORDER DISMISSING ADVERSARY PROCEEDING

Before the Court is Houston 2425 Galleria, LLC's Motion to Dismiss (the "Motion"). After due consideration of the Motion, any responses thereto, and arguments of counsel, it is hereby ORDERED that:

1. The Motion is GRANTED.

2. This adversary proceeding is DISMISSED.

SIGNED _____

Jeffrey Norman
United States Bankruptcy Judge